OPINION
Defendant-appellant Kevin Bonner appeals the February 22, 2000 Judgment Entry of the Licking County Court of Common Pleas, denying his motion to suppress. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE FACTS
On November 20, 1999, at 8:42 p.m., Newark police officers initiated an "interdiction" stop of a vehicle based upon the fact the vehicle's window tinting was believed to be too dark and in violation of R.C. 4511.241. During the course of the stop of the vehicle, effectuated in a better lit area than that where the vehicle was first observed, the arresting officer stated he was able to see appellant switch seats with the passenger and also see the silhouette actions of the driver and the passenger through the tinted windows. After the exchange of seats, the vehicle continued to move. Thereafter, the officer conducted an "interdiction" stop of the vehicle for the purpose of determining if the occupants of the vehicle had committed a crime. Appellant did not identify himself to the satisfaction of the arresting officer after the vehicle was stopped. Appellant claimed to be Kevin Thomas and stated a date of birth, but could not provide any social security number. A computer failed to confirm his identification. Appellant was removed from the vehicle, arrested, handcuffed and searched incident to his arrest. During the search, $1,222 was discovered on appellant's person. Subsequently, appellant's true identity was determined and it was learned he had several outstanding unrelated warrants for his arrest. Following his transport to the Licking County Justice Center, crack cocaine was discovered in the rear of the cruiser where appellant had been seated. It was determined only appellant could have left the drugs in the cruiser. STATEMENT OF THE CASE On November 24, 1999, appellant was indicted on one count of possession of drugs, in violation of R.C. 2925.11. Appellant plead not guilty at his arraignment and later filed a motion to suppress evidence. A hearing was held on appellant's motion on February 4, 2000. The trial court denied appellant's motion via Judgment Entry filed February 22, 2000. On February 24, 2000, appellant appeared before the trial court and changed his plea to no contest to the indictment. The trial court found appellant guilty and later sentenced appellant on March 22, 2000. It is from the trial court's February 22, 2000 Judgment Entry denying his motion to suppress appellant prosecutes his appeal, assigning as error:
 I. THE TRIAL COURT IMPROPERLY DETERMINED THAT THE INITIAL SEIZURE AND CONTINUED DETENTION OF THE DEFENDANT-APPELLANT WAS CONSTITUTIONALLY PROPER AND, THEREFORE, COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE.
 II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DETERMINING THAT THE ARREST OF THE DEFENDANT-APPELLANT WAS PROPER AND, THEREFORE, COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE.
 I, II
Herein, appellant challenges the validity of the initial stop of the vehicle he was driving; his continued detention thereafter; and the validity of his ultimate arrest. Appellant asserts the ensuing, warrantless search of his person resulting in the discovery and, ultimately, the seizure of $1,222 was conducted in violation of his constitutional rights and the money should have been suppressed. We disagree for several reasons. We find the stop of appellant's vehicle was justified. Unlike State v. Chatton (1984), 11 Ohio St.3d 59, the officers' initial reason for stopping appellant's vehicle was not removed or dissipated upon approaching the vehicle. Probable cause to believe appellant's vehicle was in violation of R.C. 4513.241 continued to exist after the stop had been effectuated. Even though the window tinting may have only been a pretext for the "interdiction" stop, it, nevertheless, established reasonable grounds appellant had committed a traffic violation; therefore, the exclusionary rule was not triggered. Dayton v. Erickson (1996), 76 Ohio St.3d 3. We hasten to add the reasonableness of the stop was further buttressed by the officer's observation of appellant's switching seats with the passenger. Having determined the stop of appellant's vehicle was not illegal, we must now determine whether appellant's continued detention was improper. Concededly, R.C.4513.241 is a minor misdemeanor which, under most circumstances, does not provide grounds for arrest. However, appellant's failure to satisfactorily provide evidence of his identity did establish grounds not only for his continued detention until his true identity could be established, but also for his arrest pursuant to R.C. 2935.26. Furthermore, when the police eventually determined his true identity, appellant was legally arrested on outstanding unrelated warrants. The money, although found on appellant's person prior to his arrest on the outstanding unrelated warrants, was not seized until after he was booked in the county jail. Assuming, arguendo, appellant's continued detention after his initial stop of the vehicle was illegal, the causal link between his continued illegal detention and the seizure of the money was broken or sufficiently attenuated because of the independent reason justifying his arrest; i.e., the outstanding unrelated warrants. Finally, and perhaps most significantly, we agree with appellee, assuming arguendo, the money was illegally seized, the remaining evidence (crack cocaine), standing alone, constitutes overwhelming proof of appellant's guilt and renders any constitutional error in the admission of the money harmless beyond a reasonable doubt. State v. Williams (1983),6 Ohio St.3d 281, syllabus para. 6.
For all of the foregoing reasons, we overrule both of appellant's assignments of error.
The judgment of the Licking County Court of Common Pleas is affirmed.